IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION



FILED

Aug. 22, 2003

CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF
TAMPA, FLORIDA

TERRY LEE MERCER,

    PLAINTIFF,

CASE NO.: 8:03cv1794-T26TBM

v.

JOHN BEHANNA, a law enforcement officer for the
    Tampa Police Department, in his individual capacity,
DALE TUVELL, a detective for the Tampa Police Department,
    in his individual capacity,
LAWRENCE MCKINNON, a sergeant for the Tampa
    Police Department, in his individual capacity,
BENNIE HOLDER, Chief of Police for the Tampa Police Department,
    in his official capacity, and
SEARS, ROEBUCK AND CO., INC., an Illinois Corporation,

    DEFENDANTS.
_____/

## COMPLAINT

### INTRODUCTION

Plaintiff, TERRY LEE MERCER, by and through the undersigned attorney, hereby files this Complaint and sues Defendants JOHN BEHANNA, a law enforcement officer for the Tampa Police Department, in his individual capacity; DALE TUVELL, a detective for the Tampa Police Department, in his individual capacity; LAWRENCE MCKINNON, a sergeant for the Tampa Police Department, in his individual capacity; BENNIE HOLDER, Chief of Police for the Tampa Police Department, in his official capacity; and SEARS, ROEBUCK AND CO., INC., an Illinois Corporation, and allege the following:

## JURISDICTION AND VENUE

1.  Because this action is brought pursuant to 42 U.S.C. sections 1983, 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, this Court has jurisdiction under 28 U.S.C. section 1331, 28 U.S.C. section 1343(a), and supplemental jurisdiction over all state law claims under 28 U.S.C. 1367(a).

2.  Because all Defendants reside in Florida and/or do business in the State of Florida, and one or more of the Defendants reside within this district, and also because a substantial part of the events giving rise to this claim occurred within this district, venue is proper in this Court pursuant to 28 U.S.C. 1391(b).

## PARTIES

3.  Plaintiff TERRY LEE MERCER is a resident of the State of Texas and a citizen of the United States of America.

4.  Defendant JOHN BEHANNA was a police officer employed by the Tampa Police Department, Tampa, Florida, on or about August 24, 1999.

5.  Defendant DALE TUVELL was a detective employed by the Tampa Police Department, Tampa Florida, on or about August 24, 1999.

6.  Defendant LAWRENCE MCKINNON was a sergeant employed by the Tampa Police Department, Tampa, Florida, on or about August 24, 1999.

7.  Defendant BENNIE HOLDER was the Chief of Police for the Tampa Police Department on or about August 24, 1999. Defendant HOLDER, as Chief of Police, is the Chief Law Enforcement Officer for The City of Tampa, a municipal corporation.

8. Defendant SEARS, ROEBUCK and CO., INC., is an Illinois Corporation, with its headquarters in Hoffman Estates, Illinois doing business in the State of Florida and the County of Hillsborough.

## GENERAL ALLEGATION APPLICABLE TO ALL COUNTS

9. At all times referred to herein, the individual Defendants acted under the color of the laws, regulations, policies, customs, and usage of the State of Florida, and of their respective cities, counties, and agencies.

10. This is a civil action seeking damages against Defendants for committing acts under the color of State law and depriving Plaintiff TERRY LEE MERCER of rights secured to him by the Constitution and laws of the United States of America. More specifically, Plaintiff is claiming he was denied his right to due process of law under the Fourteenth Amendment to the United States Constitution and that he was wrongfully seized and arrested in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

11. This is also a civil action seeking damages against the Defendants for committing acts in violation of the common law of the State of Florida.

12. All conditions precedent to the filing of this suit have been met, including, but not limited to, statutory notice under F.S. 768.28. Attached to this Complaint as Exhibit A is a copy of the aforementioned Notice.

13. At all times referred to herein, Defendant BENNIE HOLDER, Chief of Police for the Tampa Police Department, in his official capacity, is the Chief Law Enforcement Officer for the City of Tampa, a municipal corporation.

14. Defendants JOHN BEHANNA, DALE TUVELL, and LAWRENCE MCKINNON acted under the color of law and within the scope and course of their employment as agents, officers, and employees of the Tampa Police Department at all relevant times described herein.

15. Defendants JOHN BEHANNA, DALE TUVELL, and LAWRENCE MCKINNON are individually liable for the acts and omissions described herein.

16. Defendant BENNIE HOLDER, in his official capacity, is liable for the acts and omissions of his employees described herein for all State of Florida law violation claims.

17. On August 24, 1999, Defendant TUVELL arrested Plaintiff TERRY LEE MERCER at the Sears store #1505 located at 3302 W. Dr. Martin Luther King, Jr. Blvd., Tampa, Florida. This store is located in a shopping mall known as the Tampa Bay Center.

18. Plaintiff was detained by Sears security employees until Defendant TUVELL arrived.

19. Plaintiff TERRY LEE MERCER was detained by Sears employees and arrested by Defendant BEHANNA without probable cause, and in violation of his constitutional rights.

20. As a result of Plaintiff's arrest, Defendant BEHANNA prepared an Incident Report, as well as a Criminal Report Affidavit. Neither the Incident Report nor the Criminal Report Affidavit articulate any probable cause for the arrest of Plaintiff TERRY LEE MERCER. The Criminal Report Affidavit is attached to this Complaint as Exhibit B.

21. Defendant BEHANNA, after consulting with and obtaining the approval of Defendants TUVELL and MCKINNON, arrested and charged Plaintiff with a felony charge of obtaining property by fraud. No probable cause existed for this or any arrest of Plaintiff.

22. As a result of this arrest, Plaintiff TERRY LEE MERCER was booked and detained in the Hillsborough County Jail from August 24, 1999 until his release on September 21, 1999.

23. Ultimately the State Attorney's Office filed a lesser charge against Plaintiff of a misdemeanor petit theft, and then dismissed that charge against him.

24. Plaintiff always professed his innocence and committed no acts to make Defendants JOHN BEHANNA, DALE TUVELL, and LAWRENCE MCKINNON believe they had probable cause to arrest or detain him.

25. Defendants JOHN BEHANNA, DALE TUVELL, and LAWRENCE MCKINNON arrested Plaintiff without probable cause.

26. Plaintiff was wrongfully arrested, incarcerated, and detained as a result of Defendants JOHN BEHANNA, DALE TUVELL, and LAWRENCE MCKINNON'S, failure to properly investigate the facts, make an independent probable cause determination, and perform their function as law enforcement officers. Said arrest, incarceration, and detention were in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments to the United States Constitution.

27. The charges against Plaintiff were dismissed after the Assistant State Attorney reviewed the facts as applicable to the Plaintiff.

28. Plaintiff was released from jail after being wrongly and falsely imprisoned for twenty-seven (27) days.

29. As a direct, proximate, and foreseeable result of the acts and omissions of Defendants, Plaintiff was arrested and incarcerated for twenty-seven (27) days, resulting in the loss of liberty and freedom, loss of wages, loss of employment, loss of property, loss of enjoyment of life, loss of reputation, physical detention, pain, suffering and severe mental anguish. Plaintiff will continue to suffer such losses in the future.

30. Defendants' actions were callously, deliberately, and/or recklessly indifferent to the rights and welfare of members of the public, such as the Plaintiff's, thus entitling Plaintiff to punitive damages.

## CAUSES OF ACTION

31. Defendants' actions violated Plaintiff's right to be free from false arrest and false imprisonment under the common law of Florida and the right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

32. The Defendants' actions constituted an unlawful deprivation of Plaintiff's liberty without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

### COUNT I - Section 1983 Claim Against Defendants JOHN BEHANNA, DALE TUVELL, and LAWRENCE MCKINNON

33. The Plaintiff hereby incorporates each and every allegation and averment set forth in paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34. Defendants BEHANNA, TUVELL, and MCKINNON, acting under color of law and pursuant to official policy, custom, and practice, and under their authority

6

granted by the Tampa Police Department, violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution when they seized and arrested him when they knew, or reasonably should have known, through the diligent exercise of their duties, that there did not exist any probable cause upon which to base an arrest of Plaintiff. Defendants BEHANNA, TUVELL, and MCKINNON knew, or reasonably should have known, that Plaintiff did not commit any act which could form the basis of probable cause for his arrest.

35. Defendants BEHANNA, TUVELL, and MCKINNON, acting under color of law and pursuant to official policy, custom, and practice, and under their authority granted by the Tampa Police Department, intentionally, knowingly, and/or recklessly failed to conduct a reasonable and timely investigation and to make an individualized probable cause determination as to the Plaintiff.

36. Defendants BEHANNA, TUVELL, and MCKINNON arrested Plaintiff without probable cause. Reasonable law enforcement officers would not have arrested Plaintiff knowing what Defendants BEHANNA, TUVELL, and MCKINNON knew, or reasonably should have known, at the time of the arrest. Their actions were deliberately indifferent to the known constitutional rights of the Plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution.

37. The Defendants were deliberately and/or recklessly indifferent to the rights and welfare of members of the public such as the Plaintiff, thus entitling the Plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff demands judgment as follows:

1. For compensatory damages, including prejudgment interest for all economic losses against Defendants BEHANNA, TUVELL, and MCKINNON, in an amount to be proven at trial.

2. For punitive damages against Defendants BEHANNA, TUVELL, and MCKINNON.

3. For costs of suit herein, including Plaintiff's reasonable attorney's fees.

4. For such other and further relief as the Court deems proper.

## COUNT II - Negligence

38. The Plaintiff hereby incorporates each and every allegation and averment set forth in paragraphs 1 through 32 of this Complaint as though fully set forth herein.

39. This is a State law claim for damages in excess of the jurisdictional amount.

40. Defendants BEHANNA, TUVELL, and MCKINNON, as law enforcement officers, owe to members of the public such as the Plaintiff a duty to conduct a reasonable and timely investigation to determine whether probable cause exists before they make an arrest of a person and remand that person to custody.

41. Defendants BEHANNA, TUVELL, and MCKINNON, intentionally and/or negligently breached that duty by failing to make an individualized finding of probable cause as to the Plaintiff prior to arresting him and committing him to the custody of the Hillsborough County Jail without any probable cause for this arrest.

42. Defendant BEHANNA, with the approval of Defendant MCKINNON, signed a Criminal Report Affidavit under oath swearing there was probable cause for the

Plaintiff's arrest when in fact he knew or should have known, with the exercise of his duties, that no probable cause existed.

43. Defendant BEHANNA, with the approval of Defendant MCKINNON, failed to properly prepare the Criminal Report Affidavit so as to arrest Plaintiff without stating any probable cause within the Criminal Report Affidavit.

44. As a direct, proximate, and foreseeable result of the acts and omissions of these Defendants, the Plaintiff was arrested and incarcerated for approximately twenty-seven (27) days, resulting in the loss of liberty and freedom, loss of wages, loss of employment, loss of property, loss of enjoyment of life, loss of reputation, pain and suffering related to his physical arrest, and severe mental anguish, and the Plaintiff will continue to suffer such losses in the future.

45. The Defendant BENNIE HOLDER, is responsible for the acts and omissions of his officers and detectives under a theory of respondeat superior.

**WHEREFORE**, Plaintiff demands judgment as follows:

1. For compensatory damages, including prejudgment interest for all economic losses against Defendant BENNIE HOLDER, in his official capacity, for the acts of Defendants BEHANNA, TUVELL, and MCKINNON in an amount to be proven at trial.

2. For costs of suit herein, including Plaintiff's reasonable attorney's fees.

3. For such other and further relief as the Court deems proper.

## COUNT III - False Arrest and Imprisonment

46. The Plaintiff hereby incorporates each and every allegation and averment set forth in paragraphs 1 through 32 of this Complaint as though fully set forth herein.

47. This is a State law claim for damages in excess of the jurisdictional amount.

48. On or about August 24, 1999, Defendants SEARS, ROEBUCK AND CO., INC. and BEHANNA, TUVELL, and MCKINNON negligently, intentionally, or recklessly arrested or had arrested and initiated the confinement of the Plaintiff without probable cause for his arrest.

49. Defendants SEARS, ROEBUCK AND CO., INC., BEHANNA, TUVELL, and MCKINNON negligently failed to make individualized findings of probable cause as to the Plaintiff prior to arresting him.

50. Defendants SEARS, ROEBUCK AND CO., INC., BEHANNA, TUVELL, and MCKINNON further negligently prepared their reports and failed to indicate any probable cause for the arrest of Plaintiff despite a requirement for them to do so.

51. The Plaintiff was at all times aware of his confinement and the resulting harm.

52. As a direct, proximate, and foreseeable result of the acts and omissions of these Defendants, the Plaintiff was wrongfully and falsely arrested and incarcerated for approximately twenty-seven (27) days, resulting in the loss of liberty and freedom, loss of wages, loss of employment, loss of property, loss of enjoyment of life, loss of reputation, pain and suffering, and severe mental anguish, and the Plaintiff will continue to suffer such losses in the future.

53. Defendant BENNIE HOLDER, in his official capacity, is responsible for the acts and omissions of his officers and detectives through a theory of respondeat

superior. Defendant SEARS, ROEBUCK AND CO., INC., is responsible for the acts and omissions of its employees through a theory of respondeat superior.

**WHEREFORE**, Plaintiff demands judgment as follows:

1. For compensatory damages, including prejudgment interest for all economic losses against Defendants BENNIE HOLDER, in his official capacity for the acts of Defendants BEHANNA, TUVELL, and MCKINNON, and SEARS, ROEBUCK AND CO., INC. in an amount to be proven at trial.

2. For costs of suit herein, including Plaintiff's reasonable attorney's fees.

3. For such other and further relief as the Court deems proper.

### COUNT IV - Malicious Prosecution

54. Plaintiff hereby incorporates by reference paragraphs 1 through 32 above as though fully set herein.

55. This is a State law claim for damages in excess of the jurisdictional amount.

56. Defendants BEHANNA, TUVELL, MCKINNON, and SEARS, ROEBUCK AND CO., INC., through its employees, initiated a criminal proceeding against Plaintiff, which subsequently caused Plaintiff to be arrested, incarcerated, detained, and charged with the commission of a crime he did not commit.

57. On or about August 24, 1999, and continuing until approximately September 21, 1999, Defendant BENNIE HOLDER, in his official capacity, though his employees, Defendants BEHANNA, TUVELL, and MCKINNON, and SEARS,

ROEBUCK AND CO., INC., negligently, intentionally, or recklessly forced Plaintiff to defend the above-mentioned criminal charges despite a complete lack of probable cause for his arrest or any facts or evidence that would indicate he committed any criminal act. Additionally, Plaintiff was denied his liberty and freedom while these allegations were pending.

58. The Assistant State Attorney dismissed the criminal charges against Plaintiff because the charges did not warrant prosecution.

59. Defendant BENNIE HOLDER, in his official capacity, through his officers and detectives BEHANNA, TUVELL, and MCKINNON, and SEARS, ROEBUCK AND CO., INC., through its employees, were motivated by malice, or other improper purpose when they caused Plaintiff to be detained, arrested, and charged with a crime without probable cause to believe he committed any unlawful act.

60. Defendants BENNIE HOLDER, in his official capacity and through his officers and detectives BEHANNA, TUVELL, and MCKINNON, and SEARS, ROEBUCK AND CO., INC. have caused injuries, damages, and losses to the Plaintiff by way of their malicious prosecution of Plaintiff.

61. Defendants BENNIE HOLDER, in his official capacity and through his officers and detectives BEHANNA, TUVELL, and MCKINNON, and SEARS, ROEBUCK AND CO., INC., intended to restrict Plaintiff's freedom of movement. Plaintiff's freedom of movement was directly restricted when the Defendants illegally detained, arrested, and imprisoned the Plaintiff without reasonable suspicion or probable cause.

62. Plaintiff was aware that his freedom of movement was restricted and suffered great humiliation, injury to reputation, emotional injuries, and damages as a result of being wrongly arrested, imprisoned, and charged with a crime.

63. As a direct, proximate, and foreseeable result of the acts and omissions of these Defendants, Plaintiff was wrongfully arrested and held in jail for approximately twenty-seven (27) days, resulting in the loss of liberty and freedom, loss of wages, loss of employment, loss of property, loss of enjoyment of life, loss of reputation, pain and suffering and severe mental anguish, and the Plaintiff will continue to suffer such losses in the future.

64. Defendant BENNIE HOLDER is responsible for the acts and omissions of his officers and detectives and Defendant SEARS, ROEBUCK AND CO., INC. is responsible for the acts and omissions of its employees through a theory of respondeat superior.

**WHEREFORE**, Plaintiff demands judgment as follows:

1. For compensatory damages, including prejudgment interest for all economic losses against Defendants BENNIE HOLDER, in his official capacity, through his officers and detectives BEHANNA, TUVELL, MCKINNON, and SEARS, ROEBUCK AND CO., INC. in an amount to be proven at trial.

2. For costs of suit herein, including Plaintiff's reasonable attorney's fees.

3. For such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable in each count.

Dated this 22nd day of August, 2003.

Respectfully submitted,

_____
JAMES A. WARDELL, ESQUIRE
Florida Bar No. 0868061
JAMES A. WARDELL, P.A.
500 E. Kennedy Blvd., Suite 101
Tampa, Florida 33602
Telephone: (813) 387-3333
Facsimile: (813) 387-3050

The Law Firm of
## SUAREZ & WARDELL, P.A.

400 North Tampa Street, Suite 2950
Tampa, Florida 33602
Telephone (813) 229-2224
Facsimile  (813) 221-8013
Toll Free (877) 283-2224

Eddie A. Suarez
James A. Wardell
Julia Best Chase*
Bennie Lazzara, Jr.**
  *Also Admitted in New York and New Jersey
  **Of Counsel

esuarez@suarezwardell.com
jwardell@suarezwardell.com
jchase@suarezwardell.com
www.lawyers.com/swlaw

June 15, 2000

Police Chief Bennie Holder
Tampa Police Department
One Police Center
411 North Franklin Street
Tampa, FL  33602

    RE:  Our Client:        Terry Lee Mercer
           Date of Incident:  8/24/99
           Your Employee:  Officer John Behanna

Dear Chief Holder:

    The following notice of claim and injury is given pursuant to the requirements of Florida Statute 768.28. Pursuant to the statute, the following information is provided:

    1.    Name and address of Claimant:

        Terry Lee Mercer
        DOB: 06/25/59
        SS #: 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

        Address:    c/o James A. Wardell, Esquire
                      Suarez & Wardell, P.A.
                      400 North Tampa Street, Suite 2950
                      Tampa, Florida  33602

    And the Claimant is represented by counsel, whose name and address is:

        James A. Wardell, Esquire
        Suarez & Wardell, P.A.
        400 North Tampa Street
        Suite 2950
        Tampa, Florida  33602

A

2. The event complained of herein occurred on:

August 24, 1999

3. The name and address of the public employee involved is:

Officer John Behanna
One Police Center
411 North Franklin Street
Tampa, FL  33602

4. The claim is brought for civil rights violation and wrongful arrest by an employee of the Tampa Police Department, while acting under color of law.

I respectfully request that a copy of this notice be sent to the insurance carrier or appropriate claims representative contact me regarding this claim.

Thank you for your cooperation in this matter.

Sincerely,

James A. Wardell, Esquire

JAW/msm

Use Ballpoint Pen
Press Firmly

**CRIMINAL REPORT AFFIDAVIT / NOTICE TO APPEAR**

153360
GRID # 90

COURT CASE /
J.F. ID # _____  SAO # _____  OBTS # _____

AGENCY REPORT # 99-6580  AGENCY NAME Tampa P.D.  ORI.# C29C__

LOCATION OF OFFENSE 3302 W MLK  DATE OF OFFENSE 5-21-99  TIME OF OFFENSE 1345

WITHIN:
TAMPA ☒  PLANT CITY ☐  TEMPLE TERRACE ☐  UNINCORPORATED AREA ☐

COURT:
TAMPA COURT ☐  PLANT CITY CT ☐

LOCATION OF ARREST 3802 W MLK  DATE OF ARREST 5-24-99  TIME OF ARREST 1400

BOOKING # _____  SOID # _____  WEAPON TYPE None  WEAPON SEIZED Yes ☐ No ☒

**ARREST**
☒ Probable Cause  ☒ Adult
☐ Capias  ☐ Juvenile
☐ Fugitive Warrant  ☐ Delinquency
☐ VOP  ☐ Dependency
☐ Warrant  ☒ Felony
☐ Juvenile Pickup  ☐ Misdemeanor

**REQUEST FOR:**
☐ Capias  ☐ Traffic MISD
☐ Warrant  ☐ Traffic FEL
☐ Summons  ☐ Ordinance
☐ Juvenile Pickup  ☐ Pickup
                  ☐ Other

**NOTICE TO APPEAR:**
☐ Arresting officer
☐ Booking supervising officer

NAME: Mercer  Terry  Lee  ALIAS _____
RACE: W-White  I-American Indian/Alaskan Native  HW-Hispanic White  HB-Hispanic Black  B-Black  O-Oriental/Asian
Race W  SEX M  D.O.B. 06-25-59  APPROXIMATE AGE 40
COMPLEXION Med  BUILD Thin
HEIGHT ____  WEIGHT ____
COLOR: EYES Brn  HAIR Blk

LOCAL ADDRESS: MT Lakee  Ph #: _____
Permanent Address: 407 B Corwin Wichita Falls TX  Ph # (940) 761-4327
Business Address: none  Ph #: _____
Driver's License No. _____  State _____  SS# 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  PLACE OF BIRTH Modesto CA  DOC # _____

Gang Member: Yes ☐ No ☒  Gang Name _____
SCARS, MARKS, TATOOS, UNIQUE FEATURES: Grimm Reaper on left shoulder

IF JUVENILE:
School Name _____
Mother/Guardian _____  Address: _____  Ph #: _____
Father/Guardian _____  Address: _____  Ph #: _____
Released To:  JAC ☐  Parent ☐  Guardian ☐  Other Relationship ☐ _____  ☐ Other _____

Co-Defendant (Last, First, Middle) Mercer, Joseph Edward  Sex: M  Race: W  DOB 2-4-58
Arrested ☐  At Large ☐  Capias/Warrant Requested ☐  Felony ☐  Misdemeanor ☐  Juvenile ☐

Co-Defendant (Last, First, Middle) _____  Sex: ___ Race: ___ DOB ___
Arrested ☐  At Large ☐  Capias/Warrant Requested ☐  Felony ☐  Misdemeanor ☐  Juvenile ☐

| STATUTE (subsec.) / ORD # | DV | CHARGE STATUS | BOND SET | CHARGE | TRAFFIC CITATION # | DRUG ACT/TYPE |
|---|---|---|---|---|---|---|
| 817.034(3)b1 | | F | | Obtaining property by fraud | | N/N |
| ~~ ~~ | | ~~F~~ | | ~~uttering a forged instrument~~ | | ~~N/N~~ |
| ~~812.014~~ | | ~~M~~ | | ~~Petit Theft~~ | | ~~N/N~~ |

CHARGE STATUS: F-Felony  M-Misdemeanor  T-Traffic  O-Ordinance  FT-Felony Traffic
ACTIVITY:  N-N/A  P-Possess  S-Sell  B-Buy  T-Traffic  R-Smuggle  D-Deliver  E-Use  K-Dispense/Distribute  M-Manufacture/Produce/Cultivate  Z-Other
TYPE:  N-N/A  A-Amphetamine  B-Barbiturate  C-Cocaine  E-Heroin  H-Hallucinogen  M-Marijuana  O-Opium/Deriv.  P-Paraphernalia/Equipment  S-Synthetic  U-Unknown  Z-Other

A LIST OF TANGIBLE EVIDENCE (If none, write "None") (Evidence List must be provided for all NOTICES TO APPEAR)

| DESCRIPTION/AMOUNT PER UNIT | RECOVERED BY | GIVEN TO | PRESENT LOCATION |
|---|---|---|---|
| Sears Gift Card UC908___ | Compl. | J. Behanna | Property Room |
| Craftsman 1/4 Flex Sockets | Cpl. McKinnon | J. Behanna | Property Room |

Mandatory Appearance in Court ☐  You need not appear in Court, but must comply with instructions on Reverse Side. ☐
COURT INFORMATION: You must appear in County Court at the:
COURTHOUSE TOWER ANNEX, 801 E. TWIGGS STREET ☐   COUNTY OFFICE BUILDING, MICHIGAN & REYNOLDS STREET ☐
(Corner of Jefferson & Twiggs Street), TAMPA, FLORIDA 33602   PLANT CITY, FLORIDA 33566

Division _____  COURTROOM # _____  ON _____, 19 ____, AT ____ a.m.☐ p.m.☐

I agree to appear at the time and place designated above to answer for the offense(s) charged or to pay the fine subscribed. I understand that if I willfully fail to appear before the Court as required by the Notice to Appear, I may be held in contempt of Court and a warrant for my arrest shall be issued. You may also be charged with the crime of Failure to Appear, F.S. 843.15. I certify that my address as listed above is correct and I further understand that I have a continuing duty to advise the Court of any changes in my address as set forth above.

Signature of Defendant/Juvenile _____  Parent or Guardian (if Juvenile) _____

White - Clerk of Court   Green - State Attorney   Canary - Arresting Agency   Pink - Central Booking/Detention Center   Goldenrod - Defendant

B

153360

AGENCY REPORT # FI-65800   AGENCY NAME T.P.D.

**PROBABLE CAUSE STATEMENT**

• State facts to establish probable cause that a crime was committed by the defendant or that the child is dependent

The def was with the Associate who attempted to use a gift card which had been cancelled because it was obtained by using a fraudulent receipt at the Pompano Beach Sears store. The Associate was told the card was no good so he paid cash. After being arrested 2 sets of craftsman 1/4 flex drive sockets were recovered concealed on the Associates person. Total value of the sockets is $89.98. Based on information obtained at the scene, the def and co-def appeared to be part of a nationwide shoplifting and theft ring.

Judgement requested against defendant for agency investigative cost per Florida Statute 939.01: $ 130⁰⁰

OFFICER _____
I.D. # _____ Dist. & Squad _____

POLICE REPORT WRITTEN: Yes ☑ No ☐
OFFICER J. Behanna I.D. # 36732 Dist. & Squad 1/7

SWORN TO AND SUBSCRIBED BEFORE ME THIS 24 DAY OF Aug. 19 99
[signature] D. McKinnie

I SWEAR THAT THE ABOVE STATEMENTS ARE CORRECT TO THE BEST OF MY KNOWLEDGE. FOR NOTICES TO APPEAR, I ALSO CERTIFY THAT A COMPLETE LIST OF WITNESSES AND EVIDENCE KNOWN TO ME IS ATTACHED.
AFFIANT, Signature [signature]
AFFIANT, Print/Type Name J. Behanna

**VICTIM NOTIFICATION**

I am the Victim ☐  Contact person for the victim ☐  or, Next of Kin of the victim ☐  in a  Homicide ☐  Sexual Offense ☐  Stalking ☐  Domestic Violence ☐  Child Abuse ☐ (Including Attempts)  Other ☐ _____ . I wish to be notified if the defendant is released from jail. Yes ☐ No ☐

NAME _____ Phone _____
Address _____

SAO FORM-425, 4/97

Arresting Agency

153360

**WITNESSES**

WITNESS STATUS: V-Victim  C-Complainant  W-All Other Witnesses

| Status | Last | First | Middle | Race | Sex | DOB |
|---|---|---|---|---|---|---|
| V | Sears #1505 | | | | | |
| | 3302 W | MLK | | TPA FL 33607 | | 878-9253 |
| C | Allen | Barbara | | W | F | 7-24-44 |
| | 3302 W | MLK | | TPA FL 33607 | | 878-9253 |

AGENCY NAME T.P.D.  REPORT # FI-65800